THE STATE, EX REL. BD. OF EDN. OF MIAMI TRACE LOCAL SCHOOL
DIST., *v.* COFFMAN, JUDGE.

(No. 359—Decided March 13, 1965.)

*Messrs. Butler, Addison & Smith* and *Miss Grace Fern Heck,* for relator.

*Mr. Arthur M. Sebastian, Mr. Charles E. Shanklin* and *Mr. John C. Elam,* for respondent.

CRAWFORD, J.   This action in prohibition is brought by the relator board of education to prevent the respondent judge of the Court of Common Pleas of Fayette County from hearing and deciding a motion for change of venue in the trial of case No. 22771 pending in that county, wherein relator is plaintiff and Sam B. Marting and others are defendants.   Relator contends that the respondent is without authority to hear such motion or

any other matter connected with such case because the Chief Justice of the Supreme Court heretofore assigned a nonresident judge to handle and dispose of the case.

On December 18, 1959, the defendant Marting filed in the case in the Court of Common Pleas an affidavit of prejudice against the then-presiding judge of that court, the Honorable John B. Case. When the affidavit came before the late Chief Justice Carl V. Weygandt for hearing, an agreement was reached whereby Judge Case stepped aside, the affidavit was withdrawn, and the Chief Justice assigned Judge Simon L. Leis of Hamilton County as follows:

"Assignment

of a

"Judge of the Court of Common Pleas.

"Hon. Simon L. Leis, a resident judge of the Court of Common Pleas of Hamilton County, Ohio, is hereby assigned to temporarily preside and hold court in the Court of Common Pleas of Fayette County, on Monday, February 15, 1960, and to continue therein until the court business on which he enters is completed.

"This assignment is made under authority of the Constitution and statutes of Ohio.

"/S/ Carl V. Weygandt,
Chief Justice,

"The Supreme Court of Ohio.

"Issued under the Seal of the Court at Columbus, Ohio, this 5th day of February, 1960."

This assignment bears the following stamp:

"Filed

"May 23, 1964

"Dorothy L. West

"Clerk of Courts

"Fayette County, Ohio"

The testimony shows it to have been filed in case No. 22771 and entered in Journal 65, page 518.

Judge Leis heard and decided certain matters in connection with the case, and about January 22, 1964, the clerk, under Judge Leis' direction, advised counsel that it was assigned for trial on April 6, 1964.

On March 5, 1964, the defendants filed a motion for a change of venue.

Meanwhile, on February 9, 1963, Judge Case had been succeeded as the single resident judge of Fayette County by the respondent.

About February 17, 1964, respondent communicated with the Administrative Assistant of the Supreme Court, who informed her they had no record of the assignment of Judge Leis. She also ascertained that there was no assignment on file in the office of the clerk of the Court of Common Pleas of Fayette County.

Thereafter, she set for hearing on March 13, 1964, the motion for change of venue. She testified in our present case that had she known of the existence of the assignment of Judge Leis she would not have undertaken to set or hear the motion.

This action in prohibition was filed on March 12, 1964. About May 23, 1964, the clerk received a letter from one of counsel for the relator to which was attached the assignment of Judge Leis above quoted.

General treatises or decisions in other jurisdictions can shed little light upon the present controversy unless the constitutional and statutory authority for making an assignment and the wording of the assignment itself correspond closely to those before us. No such authorities have been cited.

The power of the Chief Justice to assign a judge of the Court of Common Pleas for service outside the county of his residence is derived from Section 3, Article IV of the Constitution and from Sections 2701.03 and 2301.121, Revised Code.

While the Constitution lodges the power in the Chief Justice to pass upon the disqualification or disability of any judge of the Court of Common Pleas, the authority given him to assign any judge to any county to hold court therein is not limited to cases where he finds the resident judge to be disqualified or disabled. Section 2701.03, Revised Code (subsequently amended), pertains particularly to cases in which an affidavit of prejudice is filed. Somewhat broader powers of assignment are given by Section 2301.121, Revised Code.

There can be no serious question of the continuing authority of Judge Leis to sit and hear the case in Fayette County

until it is concluded. The delay in filing his assignment may have caused confusion, but did not render it void.

The two-fold question presented is: Whether, with respect to the particular case, Judge Leis has exclusive jurisdiction, and whether Judge Coffman lacks jurisdiction.

Neither the Constitution nor the statutes specify that the jurisdiction of an assigned judge is exclusive in any case when not made upon a finding of prejudice, disqualification or disability of the only resident judge. Perhaps as a matter of practice and convenience the assigned judge alone usually concludes the matters upon which he enters. But this procedure is not required by law.

The assignment here does not specify any particular case nor purport to confer any exclusive jurisdiction upon Judge Leis. Nor does it require that Judge Leis personally complete the work upon which he enters. Unless Judge Leis's jurisdiction over the case were exclusive, Judge Coffman would not be precluded from sharing that jurisdiction, or even from taking charge of the case.

Judge Case had relinquished his own control of the case by voluntarily stepping aside. That was his personal act and agreement. He could not and did not presume to bind his successor. When Judge Coffman assumed office, she took over the full jurisdiction of the court, which extended to every pending case.

Therefore, there is no basis for the writ of prohibition against her.

The writ will be, and hereby is, denied.

*Writ denied.*

SHERER, P. J., and KERNS, J., concur.